UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:20-cv-24093-KMM

UNITED STATES OF AMERICA,

    Plaintiff,
v.

PAVEL LUIS HERNANDEZ MERINO,

    Defendant.
                                           /

## ORDER ON REPORT AND RECOMMENDATION

THIS CAUSE came before the Court upon Plaintiff's ("the Government") Motion for Judgment on the Pleadings. ("Mot.") (ECF No. 10). Defendant Pavel Luis Hernandez Merino ("Defendant") did not file a response and the time to do so has passed. The Court referred the matter to the Honorable Lauren F. Louis, United States Magistrate Judge. (ECF No. 5). Magistrate Judge Louis issued a Report and Recommendation recommending that the Government's Motion be GRANTED. ("R&R") (ECF No. 12). The Government filed Objections to the R&R. ("Obj.") (ECF No. 18). Therein, the Government recommends that the Court adopt Magistrate Judge Louis's R&R, subject to two points of clarification. *See generally id.* Defendant failed to file a response to the Government's Objections and the time to do so has passed. The matter is now ripe for review. As set forth below, the R&R is ADOPTED.

The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). The Court "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). A *de novo* review is therefore required if a party files "a proper, specific objection" to a factual finding contained in the report. *Macort v. Prem,*

*Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006). "It is critical that the objection be sufficiently specific and not a general objection to the report" to warrant *de novo* review. *Id.*

The Government contends that the undisputed facts establish four independent grounds for Defendant's denaturalization as a U.S. citizen and, therefore, the Court should revoke Defendant's naturalization. *See generally* Mot. In the R&R, Magistrate Judge Louis recommends that the Government's Motion be GRANTED. R&R at 11. The Court agrees.

The following relevant facts are set forth in the R&R. Prior to Defendant's naturalization, he was a citizen of Cuba. *Id*. at 1. At multiple points during the process of becoming a U.S. citizen, Defendant stated that he had never committed a crime for which he was not arrested. *Id*. at 1–2. In April of 2018, Defendant was admitted as a citizen of the United States and was issued a Certificate of Naturalization. *Id*. at 2. However, in May of 2018, the following month, Defendant was charged, by Criminal Indictment, "with one count of conspiracy to commit health care fraud and wire fraud, in violation of 18 U.S.C. § 1349, and nineteen counts of health care fraud, in violation of 18 U.S.C. § 1347." *Id*. In September of 2018, Defendant entered a plea of guilty and proffered that, along with his co-conspirators, he submitted or caused his company, Americare, to submit $8,550,040.00 worth of false and fraudulent claims to insurance plans— which resulted in an ill-gotten reimbursement to Americare of $3,694,969.00. *Id*. Defendant was sentenced to 57 months imprisonment. *Id*. at 2–3. In October of 2020, the Government filed the "instant action seeking to revoke his naturalized [U.S.] citizenship under 8 U.S.C.§ 1451(a) based on his participation in criminal activity that he concealed throughout the naturalization process and that disqualified him from [U.S.] citizenship." *Id*. at 3 (citing Complaint ("Compl.") (ECF No. 1)).[1]

---

[1] Magistrate Judge Louis noted in the R&R that Defendant was properly served with a copy of the Complaint and the instant Motion, and that Defendant did not respond to either and the time to do so has passed. R&R at 3.

The Government maintains in its Motion that the undisputed facts establish the following four independent legal grounds for denaturalization:

> (a) Defendant illegally procured his [U.S.] citizenship because, during the statutory period, he committed a crime involving moral turpitude; (b) Defendant illegally procured his [U.S.] citizenship because, during the statutory period, he committed unlawful acts that adversely reflected on his moral character; (c) Defendant illegally procured his [U.S.] citizenship because, during the statutory period, he provided false testimony to procure his naturalization; and (d) Defendant willfully concealed and made misrepresentations of criminal conduct during the naturalization process.

R&R at 5; *see also generally* Mot.  Magistrate Judge Louis's addressed each of these four grounds in the R&R.

First, Magistrate Judge Louis found that "Defendant illegally procured his U.S. citizenship because, during the statutory period, he committed a crime involving moral turpitude." *Id*.  One of the statutory requirements to become a naturalized person is that an individual, "during all periods referred to in this subsection[,] has been and still is a person of good moral character[.]" *Id.* (citing 8 U.S.C. § 1427(a)(3)).  Magistrate Judge Louis found that because Defendant committed healthcare fraud and wire fraud, which are crimes of moral turpitude, during the five years prior to his naturalization, Defendant's "criminal activity during the statutory period thus rendered him ineligible to naturalize in April 2018 when he took the oath of citizenship." *Id*. at 6.  Magistrate Judge Louis therefore recommends that the Court denaturalize Defendant on this basis. *Id*. (citing *Fedorenko v. United States*, 449 U.S. 490, 517 (1981); *United States v. Garcia*, No. 14-cv-22397-KMM, 2015 WL 12533126, at *5 (S.D. Fla. Sept. 18, 2015)).

Second, Magistrate Judge Louis found that Defendant should be denaturalized because he committed crimes involving dishonesty, false statement, or fraud which "reflected adversely on his moral character and should have precluded him from naturalizing under 8 C.F.R. § 316.10(b)(3)(iii)." *Id*. at 7 (citing *United States v. Dor*, 729 F. App'x 793, 798 (11th Cir. 2018)).

Magistrate Judge Louis found that no extenuating circumstances excuse Defendant's participation in the conspiracy to commit health care and wire fraud and that "he cannot escape the negative impact that his criminal acts had on his moral character." *Id*. (citing *Garcia*, 2015 WL 12533126, at *6). Thus, Magistrate Judge Louis recommends that Defendant be denaturalized under 8 C.F.R. § 316.10(b)(3)(iii) based on his participation in a conspiracy to commit health care and wire fraud. *Id*. (citing *Garcia*, 2015 WL 12533126, at *6).

Third, Magistrate Judge Louis found that at three separate points during the naturalization process, Defendant provided false testimony for the purpose of obtaining immigration benefits. *Id*. at 7–8. Specifically, Defendant provided false testimony: (1) by lying about his participation in a conspiracy to commit healthcare and wire fraud during his naturalization interview in March of 2018, (2) when Defendant swore under oath to the truthfulness of his N-400 application, and (3) when Defendant confirmed during his naturalization interview that he had never committed a crime or offense for which he was not arrested. *Id*. at 8. Magistrate Judge Louis noted that the aforementioned false testimony was provided, deliberately and intentionally, in order to obtain an immigration benefit. *Id*. Thus, Magistrate Judge Louis recommends that the Court find Defendant's "false testimony regarding his commitment of a crime for which he was not yet arrested provides an additional basis upon which to denaturalize Defendant." *Id*.

Fourth, Magistrate Judge Louis found that Defendant willfully concealed and made misrepresentations of his criminal conduct during the naturalization process. *Id*. at 8–11. For a court to revoke naturalization on the basis of concealment of criminal conduct, a court must find that:

> (1) the naturalized citizen must have misrepresented or concealed a fact; (2) the misrepresentation or concealment must have been willful; (3) the fact must have been material; and (4) the naturalized citizen must have procured citizenship as a result of the misrepresentation or concealment.

*Id*. at 9 (citing *Kungys v. United States*, 485 U.S. 759, 767 (1988)). Magistrate Judge Louis found that each of these factors has been met here because: (1) Defendant "denied having committed any crime or offence for which he was not arrested," (2) Defendant's "criminal conviction irrefutably shows that his concealment of his criminal activity was willful," (3) Defendant's misrepresentation was material because "had he revealed his criminal conduct during the statutory period, his application would have been denied," and (4) Defendant has not rebutted the presumption that he "procured" naturalization by way of his misrepresentations because his application would have been denied, but for the concealment of his fraudulent criminal conduct. *Id*. at 8–10 (citations omitted). Thus, Magistrate Judge Louis recommends that the Court find Defendant's "willful concealment of his criminal activity during the naturalization process is an additional basis upon which to denaturalize Defendant." *Id*. at 11.

The Government raises two objections to certain findings within the R&R but raises no objection as to the conclusions. Objs. at 1. First, the Government requests that the Court "modify the analysis underlying the [R&R]'s conclusion that Defendant illegally procured his U.S. citizenship because, during the statutory period, he provided false testimony to procure his naturalization." *Id*. at 1. Specifically, the Government requests that the Court clarify that Defendant gave an *oral*, not written, oath before his interview—which would provide further support to the conclusion that Defendant "provide[d] a false oral answer to Question 22, Part 12." *Id*. at 2.[2] This is of significance because, as noted in the R&R, the false testimony charge is based

---

[2] Question 22, Part 12 of Defendant's naturalization application is the part in which he confirmed that he had never committed a crime or offense for which he was not arrested. R&R at 8 (citing Compl. ¶ 23)

on oral testimony and it is therefore of relevance that the oath was given orally at the beginning of the interview. R&R at 7 (citations omitted).

Second, the Government requests that the Court clarify that the presumption of ineligibility, alone, does not establish the procurement prong of *Kungys*'s willful misrepresentation test. Objs. at 3. Rather, the Government requests that the Court recognize, independently from the materiality prong, that "the facts established in Defendant's criminal proceedings—and evidenced by documents attached to the Complaint—create a fair inference that Defendant could not have established the statutorily requisite good moral character." *Id*. at 3 (citing 8 U.S.C. § 1427(a)(3)).

The Court agrees with Magistrate Judge Louis's rigorous analysis in the R&R with respect to the four bases for Defendant's denaturalization. The Court also agrees that the analysis would benefit from the two points of clarification offered by the Government in its Objections. Accordingly, the Court hereby ADOPTS the R&R. Further, the Court hereby CLARIFIES: (1) that Defendant orally swore an oath before his naturalization interview, in which he affirmed that his answer to Question 22, Part 12 of his naturalization application was true and correct, is a fact which weighs in favor of finding that Defendant illegally procured his United States citizenship because, during the statutory period, he provided false testimony to procure his naturalization; and (2) the Court finds that Defendant's concealment of his criminal conduct, which has been established by Defendant's criminal proceedings, creates a fair inference that Defendant could not have established the statutorily requisite good moral character—thus, meeting the "procurement" prong of the test established in *Kungys* for willful concealment and misrepresentations of criminal conduct during the naturalization process.

Accordingly, UPON CONSIDERATION of the Motion, the R&R, the pertinent portions of the record, and being otherwise fully advised in the premises, it is hereby ORDERED AND ADJUDGED that Magistrate Judge Louis's R&R (ECF No. 156) is ADOPTED, subject to the above-stated clarifications. The Government's Motion for Judgment on the Pleadings (ECF No. 10) is GRANTED. The Clerk of Court is INSTRUCTED to CLOSE this case. All pending motions, if any, are DENIED AS MOOT.

DONE AND ORDERED in Chambers at Miami, Florida this _9th_ day of September, 2021.

*[signature]*

K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

c: All counsel of record